ACCEPTED
15-25-00008-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
4/15/2025 6:37 AM
CHRISTOPHER A. PRINE
CLERK

CASE NO. 15-25-00008-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
4/15/2025 6:37:43 AM
CHRISTOPHER A. PRINE
Clerk

# In the Court of Appeals

# for the Fifteenth Judicial District of Texas

### Linda D. Tanner

*Appellant,*

vs.

### Texas Health and Human Services Commission, Juan Rodriguez,

### Wendy Proctor, and Julia Murray

*Appellees,*

On Appeal from the 459th Judicial District Court

Travis County, Texas

Cause No. D-1-GN-24-002987

Honorable Judge Laurie Eiserloh

## Appellant Brief

### Appellant Requests Oral Argument

Linda D. Tanner
Pro Se
Lulu143134143@gmail.com
2121 Handley Drive
Apt 51
Fort Worth, TX 76112
817-204-8004

1

# CERTIFICATE OF INTERESTED PERSONS

Appellant, Linda D. Tanner, certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case.

**Appellant:**

Linda D. Tanner

**Counsel for Appellant:**

Pro Se Litigant

2121 Handley Drive
Apt 51
Fort Worth, TX 76112
Tel: 817-204-8004
lulu143134143@gmail.com

**Appellees:**

Texas Health and Human Services Commission
Juan Rodriguez
Wendy Proctor
Julia Murray

**Counsel for Appellees:**

Giselle Ortiz Astacio
Texas State Bar No. 24103222
Lauren McGee
Texas State Bar No. 24128835
Assistant Attorney General
Office of the Attorney General of Texas
Administrative Law Division
P.O. Box 12548, Capitol Station
Austin, TX 78711-2548
Telephone: (512) 475-4200
Griselle.OrtizAstacio@oag.texas.gov
Lauren.McGee@oag.texas.gov

**Respondent:**

Honorable Judge Laurie Eiserloh
459th Judicial District Court
1700 Guadalupe,
11th Floor
Austin, TX 78701
Tele: 512-854-9384
Fax: 512-854-9338

# STATEMENT REGARDING ORAL ARGUMENT

Appellant, Linda D. Tanner, requests oral argument.

# TABLE OF CONTENTS

1. Table of Statutes……………………………………………………..5

2. Jurisdictional Statement…………………………………………...6

3. Issues Presented…………………………………………………7

4. Statement of Facts…………………………………………….8

5. Statement of the Case…………………………………………11

6. Summary of the Argument…………………………………………12

7. Argument…………………………………………………13

8. Conclusion……………………………………………..19

9. Prayer…………………………………………………..21

10. Certificate of Compliance………………………………………..22

11. Certificate of Service………………………………………..23

12. Appendix……………………………………………….24

# TABLE OF STATUTES AND AUTHORITIES

1. United States Code Title 42 § 1983

2. United States Code Title 42 § 1382a

3. Social Security Act Title IV

4. Texas Administrative Code, Title 1, Part 15, Chapter 372, Subchapter A, Rule 372.2

5. Texas Administrative Code, Title 1, Part 15, Chapter 372, Subchapter B, Division 7, Rule 372.404

6. Texas Administrative Code, Title 1, Part 15, Chapter 372, Subchapter B, Division 7, Rule 372.408

7. Texas Administrative Code, Title 1, Part 15, Chapter 372, Subchapter B, Division 7, Rule 372.5

8. The Texas Fair and Fraud Handbook 2300

9. Texas Works Handbook Section, A-1341.1

10. Texas Works Handbook Section, A-1340

11. Texas Works Handbook Section, C-111

12. Texas Gov't Code Chapter 531, Sections: 531.027, 531.028, 531.031, 531.0055

13. The Code of Federal Regulations (CFR), Title 45, Subtitle B, Chapter II, Part 205, Sections 205.5, 205.30, 205.36, 205.130

14. Tex. Gov't Code, Title 10, Subchapter A, Chapter 2001, Subchapter A

# JURISDICTIONAL STATEMENT

This court has jurisdiction over this appeal pursuant to Tex. Gov't Code, Title 10, Subchapter A, Chapter 2001, Subchapter A.

# <u>ISSUES PRESENTED</u>

1.  The timing for the submission of the judicial review.

2.  The Texas HHSC is not applying the annual Federal Poverty Levels to the Budgetary Needs and Recognizable Needs charts when determining income eligibility and max grant amounts.

3.  The Texas HHSC is not applying U.S.C. Title 42 § 1382a (b)(9) when determining eligible income amounts.

4.  The Texas HHSC is not applying the child support requirements correctly for the TANF Cash Help program.

# STATEMENT OF FACTS

1. The Appellant submitted her petition for judicial review on time.

2. The Appellant was denied TANF Cash Help benefits due to having an income too high for the recognizable needs test limit for a family of 3.

3. With an unearned income of $575 in child support per month, the Appellant was, in fact, eligible for these benefits. (This amount does not include the $75 deduction and the 1/3 deduction from U.S. Code Title 42 § 1382a (b)(9).

4. In the Texas Administrative Code (TAC) Rule 372.404 – Countable and Excludable Income, it says that the Texas TANF Cash Help programs excludes any income federal law excludes.

5. United States Code Title 42 § 1382a – Public Health and Welfare – section (b) number (9) states that if the unearned income is from an absent parent for a child support payment, then 1/3 of each individual payment shall be deducted.

6. In the Texas Works Handbook C-111, it shows a chart that says the Budgetary Needs amounts are 100% of the annual Federal Poverty Level (FPL) provided by United States Department of Health and Human Services each year.

7. In the Texas Works Handbook C-111, it shows a chart that says the Recognizable Needs amounts are 25% of the Budgetary Needs amount.

8. In the Texas Works Handbook A-1341.1, it shows that the max grant amount for each family size should equal to 17% of the Federal Poverty

Level (FPL) provided by United States Department of Health and Human Services each year.

9. The current Budgetary Needs test amount is $751 for a family of 3.

10. The current Recognizable Needs test amount is $188 for a family of 3.

11. The current Max Grant amount is $353 for a family of 3.

12. The Federal Poverty Level for the current year is supposed to be applied to the Budgetary Needs, Recognizable Needs, and Max Grant amounts for each family size.

13. The executive commissioner for the Texas HHSC is not updating these amounts annually and is supposed to.

14. The Federal Poverty Level for a family of 3 in 2025 is $26,650.

15. The correct amounts for a family of 3 are: Budgetary Needs - $26,650, Recognizable Needs - $6,662.50, Max Grant - $4,530.50

16. According to the Federal Poverty Level for 2025 that is required by law to be in place when calculating income eligibility for the Texas TANF Cash Help program, my family of 3 is eligible for these benefits.

17. The TANF Cash Help program is applying the child support requirements for the applicant incorrectly.

18. They are keeping the applicants' child support payments and using them to "payback" what this applicant is receiving in monthly TANF Cash Help payments.

19. The Texas TANF Cash Help Program is not a loan program. The applicant is not taking out a loan when applying or receiving these benefits.

20. The Texas TANF Cash Help Program is a grant program provided by the federal and state government. The applicant is not required to pay these funds back to the state or the country.

21. The state of Texas receives Federal Block Grants that assist with state funds to fund the TANF Cash Help program.

22. The Texas Gov't Code Chapter 531, in particular, Sections: 531.027, 531.028, 531.031, 531.0055, The Code of Federal Regulations (CFR), Title 45, Subtitle B, Chapter II, Part 205, Sections 205.5, 205.30, 205.36, 205.130, and the Social Security Act – Title IV all state clearly the requirements for receiving and distributing funds for family aid programs including the Texas HHSC executive commissioner's responsibility of maintaining the functionality of the Texas TANF Cash Help Program and updating the Texas Administrative Code and Texas Works Handbook with the current applicable laws including the Federal Poverty Levels (FPL) each year.

# STATEMENT OF THE CASE

Appellant, Linda D. Tanner, was denied TANF Cash Help Benefits in October 2023. She then requested an appeal of the decision which took place on December 6, 2023. The Fair and Fraud hearing department rescheduled the appeal hearing which took place on January 17, 2024. The appellant then received a letter in the mail from the hearings officer, Juan Rodriguez, showing that the original decision of the benefits was sustained. She then submitted the Fair and Fraud Hearings case for administrative review. The appellant received a letter on March 19, 2024 from the hearing's director, Wendy Proctor, and the administrative judge, Julia Murray, again stating that the original decision was sustained. The appellant then submitted a petition for judicial review on March 29, 2024, to the Travis County Judicial District Court. During the hearing for establishing jurisdiction, Honorable Judge Laurie Eiserloh determined that the timeliness for submission of the petition for review was not efficient and submitted an Order for Dismissal with Prejudice. The appellant then submitted her notice to appeal this decision on January 29, 2025.

# **SUMMARY OF THE ARGUMENT**

Appellant, Linda D. Tanner, was wrongfully denied the Texas TANF Cash Help benefits due to the negligence of the officials employed by the Texas HHSC. They simply neglected maintaining the upkeep and functionality of the TANF Cash Help program and did not apply the clearly established statutes and guidelines that are in place directly for that particular program.

# ARGUMENT

To generally clarify, the Appellant, Linda D. Tanner, would like to state that the above and styled judicial review case is against all of the Defendants' listed in this case in their personal and/or individual capacities. It is against them in their government official role as employees of the government entity Texas Health and Human Services Commission. They are the direct contacts in the Plaintiff's appeal case originally scheduled in December 2023, and the Administrative Review of the appeal decision that took place in February 2024: Juan Rodriguez – Hearings Officer, Wendy Proctor – Hearings Director, and Julia Murray – Administrative Judge.

This appeal was brought forth to contest the final order dismissing this suit with prejudice for timeliness of filing the petition for judicial review. The appellant filed the petition for review in the Travis County judicial district court on March 29, 2024, at 11:22 p.m., ten days after receiving the final decision of the administrative review. This was technically thirty days exactly from the date of the decision letter. It was returned to be signed with a waiver of court costs. It shows a file stamp again on May 13, 2024, 11:22 p.m. The Appellant believes there was some kind of issue about the timestamp it has when filed on the original petition for review. There is no way it took her forty-one days to refile the petition for review just for a signature and court costs waiver. She believes this may need further investigation. That being said, during the time she was preparing her petition for review, she was homeless with two children because she got evicted from her residence for non-payment. She was unemployed and applied for Texas TANF Cash Help in which she was denied for having an income exceeding the income limit for her family size which was $188 for a family of 3. She had limited

access to resources, transportation, and no money. She would also like to note that in the Fair and Fraud Handbook 2300 – Process and Timeframe for Procedural Reviews[1], it mentions "A request for procedural review will be considered timely if filed after 30 days when the appellant demonstrates good cause for the filing delay." The Appellant was hoping the judge would take into consideration the circumstances that she was in due to the denial of benefits that she was clearly eligible for. The petition for review was, in fact, filed on time, however, there is clearly an issue with the timestamps. It shows they were both filed at the exact same time but on different dates. Again, the appellant finds this very odd because there is no way it would have taken her over a month to refile the petition. Something clearly got mixed up with the filing timestamps.

This judicial review is brought forth by the Appellant on the grounds for jurisdiction of United States Code Title 42 § 1983 – Civil Action for Deprivation of Rights[2] which gives the State's consent to suit by reference to a statute and legislative permission.  U.S. Code Title 42 § 1983 is a federal cause of action for individuals whose constitutional rights have been violated by persons acting under color of state law. This waives sovereign immunity and qualified immunity for the defendants as state officials in their individual and/or personal capacities for acts of neglect of clearly established laws and bad faith displayed under their authority while representing a government entity such as the Texas Health and Human Services Commission.

The main topic of concern are the amounts being used to determine an applicant's eligibility for the Texas TANF Cash Help Program. In this program

---

[1] Texas Fair and Fraud Hearings Handbook – 2300 – Process and Timeframe for Procedural Reviews - 2300, Process and Time Frame for Procedural Reviews | Texas Health and Human Services
[2] United States code Title 42 § 1983 – Civil Action for the Deprivation of Rights - 42 U.S. Code § 1983 - Civil action for deprivation of rights | U.S. Code | US Law | LII / Legal Information Institute

there are two tests that the applicant must pass in order to qualify for the program. The tests are called the Budgetary Needs test and the Recognizable Needs test and can be found in the Texas Administrative Code (TAC) Title 1, Part 15, Chapter 372, Subchapter B, Division 7. Rule 372.408[3], and also in the Texas Works Handbook Section 1340[4] – Income Limits. In the Texas Administrative Code Title 1, Part 15, Chapter 372, Subchapter A, Rule 372.2 – Definitions (2), (12), (18)[5] it specifically states that the Federal Poverty Level (FPL)[6] is used to determine eligibility in government aid programs such as the Texas TANF Cash Help program. It also states that the Recognizable needs amount is 25% of the Budgetary Needs amount. In the Texas Works Handbook section C-111 – TANF[7], it states that the Budgetary Needs amount is 100% of the Federal Poverty Level (FPL) and the Recognizable Needs amount is 25% of the Budgetary Needs amount. In the Texas Works Handbook Section, A-1341.1 – Grant Amount[8], it states that the max grant amount is 17% of the Federal Poverty Level (FPL) for that family size. Then, from that number, you subtract the household's adjusted gross monthly income. That is the applicant's final max grant payment amount that they will be receiving each month.

In this case, the applicant only receives child support each month as income. This counts as unearned income. In the Texas Administrative Code (TAC) Title 1, Part 15, Chapter 372, Subchapter B, Division 7, Rule 372.404 – Countable and

---

[3] Texas Administrative Code Title 1, Part 15, Chapter 372, Subchapter B, Division 7, Rule 372.408 – Determining Income Eligibility - Home - Rules & Meetings
[4] Texas Works Handbook Section 1340 – Income Limits - A-1340, Income Limits | Texas Health and Human Services
[5] Texas Administrative Code Title 1, Part 15, Chapter 372, Subchapter A, Rule 372.2 – Definitions (2), (12), (18) - Home - Rules & Meetings
[6] Federal Poverty level (FPL) - 2025 Federal Poverty Level Standards | Guidance Portal
[7] Texas Works Handbook section C-111 – TANF- C-110, TANF | Texas Health and Human Services
[8] Texas Works Handbook Section, A-1341.1 – Grant Amount - A-1340, Income Limits | Texas Health and Human Services

Excluded Income[9], states that there is a $75 deductible from household child support payments. This same rule also states that the TANF Cash Help program excludes any amounts that the Federal law excludes. The Federal law for this program falls under the United States Code Title 42 § 1382a and the Social Security Act Title IV[10]. In the U.S. Code Title 42 § 1382a (b)(9)[11] it states that 1/3 of each child support payment from an absent parent is also excluded.

For a household size of 3, the Federal Poverty Level in 2025 is $26,650. Since, the Budgetary Needs Test amount is 100% of the Federal Poverty Level, $26,650 is the Budgetary Needs amount for a family size of 3. Then the Recognizable Needs Test amount is 25% of the Budgetary Needs amount which is $6,662.50. Lastly, calculating the max grant amount is 17% of the Federal Poverty Level which is $4,530.50. These are the accurate amounts that should be in place for the income eligibility tests. However, they are not and have not been since the appellant first applied for the TANF Cash Help Program in 2021. The amounts currently in place are the Budgetary Needs amount is $751, the Recognizable Needs amount is $188, and the max grant amount is $353.

The appellant gets $575 a month in child support payments. She no longer receives arrear payments. Those ended in 2023. Taking 1/3 of each child support payment according to U.S. Code Title 42 § 1382a (b)(9), $247- 1/3 = $172.90 and $328 − 1/3 = $229.60. Adding those together would equal to $402.50. Then subtracting the $75 deductible would bring her total unearned income to $327.50. Using the accurate amounts that should be in place using the 2025 Federal Poverty Level, the appellant clearly passes each test with an unearned income of $327.50.

---

[9]Texas Administrative Code (TAC) Title 1, Part 15, Chapter 372, Subchapter B, Division 7, Rule 372.404 – Countable and Excluded Income - Home - Rules & Meetings
[10] Social Security Act Title IV - Social Security Act Title IV
[11] U.S. Code Title 42 § 1382a (b)(9) - 42 U.S. Code § 1382a - Income; earned and unearned income defined; exclusions from income | U.S. Code | US Law | LII / Legal Information Institute

Then subtracting that from max grant amount which is17% of the FPL which is $4,530.50 - $327.50 = $4,203. The max grant amount that the appellant should be receiving each month would be $4,203. Being eligible for the program would also mean that the appellant would have to meet requirements with the Texas Workforce to maintain employment to stay eligible for the TANF Cash Help Program.

1. The TANF Cash Help program is applying the child support requirements for the applicants incorrectly. They are keeping the applicants' child support payments and using them to "payback" what the applicant is receiving in monthly TANF Cash Help payments. The Texas TANF Cash Help Program is not a loan program. The applicant is not taking out a loan when applying or receiving these benefits. The Texas TANF Cash Help Program is a grant program provided by the federal and state government. The applicant is not required to pay these funds back to the state or the country. That is why the household's monthly gross income is subtracted from the monthly max grant amount. The state of Texas receives Federal Block Grants that assist with state funds to fund the TANF Cash Help program. The Texas Gov't Code Chapter 531[12], in particular, Sections: 531.027, 531.028, 531.031, 531.0055, The Code of Federal Regulations (CFR), Title 45, Subtitle B, Chapter II, Part 205[13], Sections 205.5, 205.30, 205.36, 205.130, Texas Administrative Code, Title 1, Part 15, Chapter 372, Subchapter B, Division 7, Rule 372.5,

and the Social Security Act – Title IV all state clearly the requirements for receiving and distributing funds for family aid programs including the Texas HHSC executive commissioner's responsibility of maintaining the functionality of

---

[12] Texas Gov't Code Chapter 531 - GOVERNMENT CODE CHAPTER 531. HEALTH AND HUMAN SERVICES COMMISSION
[13] The Code of Federal Regulations (CFR), Title 45, Subtitle B, Chapter II, Part 205

the Texas TANF Cash Help Program and updating the Texas Administrative Code and Texas Works Handbook with the current applicable laws including the Federal Poverty Levels (FPL) each year.

# **CONCLUSION**

The TANF Cash Help Program is a program that is a stepping stone for individuals and families that are in need of assistance. It gives something for the people of the community to "fall back on" when needed. That way, they can maintain a healthy lifestyle and provide for themselves and their children while going through hard times. This is a program that provides seriously efficient help for the citizens that are in need by cash help and assisting in employment opportunities. It promotes self-sufficiency. This is not a loan program and does not need to be paid back by the applicants. It is, in fact, a grant program in which the federal government assists the state government in funding. That being said, if the Texas HHSC is having applicants pay back the payments they are given from TANF using their child's child support payments, then why would we be receiving Federal Block Grants? Where are the current income eligibility amounts coming from? They are unrealistic and way off from the accurate amounts. Why are those amounts being used instead of the accurate amounts which include the Federal Poverty Levels for the current year? The Texas Health and Human Services Commission is not updating the Texas Administrative Code and the Texas Works Handbook with the clearly established applicable laws that are in place and used as guidelines to run the program. By law, they are supposed to be using the current Federal Poverty Levels to assist in determining income eligibility and they clearly are not using them. Also, they do not use U.S. Code Title 42 § 1382a (b)(9) at all and they are supposed to be using it. It seems that they are not following any rules or guidelines that are in place for the program and they need to get better educated on laws in place for the program. Many citizens rely on programs like Texas TANF Cash Help when they need it, but sadly they are not getting the full benefits

13

they are eligible for. It is for the above listed reasons that Appellant, Linda D. Tanner, was denied Texas TANF Cash Help Benefits, when she was clearly eligible for them had the Texas HHSC used the correct calculations when determining eligibility which includes using the current Federal Poverty Level (FPL).

# **<u>PRAYER</u>**

Appellant, Linda D. Tanner, prays that the Texas Health and Human Services Commission update the Texas TANF Cash Help program with the current Federal Poverty Levels and use them to determine eligibility along with the other clearly established laws that are in place for the program. Having applied for these same benefits over five times and getting a denial every time, the appellant also prays to have permanent injunctive relief from being mistreated and misevaluated for the program as well as declaratory relief.

# CERTIFICATE OF COMPLIANCE

Pursuant to TEX. R. APP. P. 9.4, I hereby certify that this Petition for Review contains 3,738 words. This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text, except for footnotes, which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

/s/ _____

Linda D. Tanner *Pro Se*

22

# **CERTIFICATE OF SERVICE**

This is to certify that the forgoing Appellant Brief has been submitted via the Texas E-filing website in compliance with the Tex. R. App. P Rule 9.5 on April 4, 2025, to the Clerk of Court and served on all registered counsel of record.

/s/ _____

Linda D. Tanner *Pro Se*

# APPENDIX

1. TANF DENIAL LETTERS

2. CHILD SUPPORT INCOME STATEMENT

3. TEXAS ADMINISTRATIVE CODE (TAC) TITLE 1, PART 15, CHAPTER 372, SUBCHAPTER A, RULE 372.2 (2), (18), (12)

4. TEXAS ADMINISTRATIVE CODE (TAC) TITLE 1, PART 15, CHAPTER 372, SUBCHAPTER B, DIVISION 7, RULE 372.4

5. TEXAS ADMINISTRATIVE CODE (TAC) TITLE 1, PART 15, CHAPTER 372, SUBCHAPTER B, DIVISION 7, RULE 372.404

6. TEXAS ADMINISTRATIVE CODE (TAC) TITLE 1, PART 15, CHAPTER 372, SUBCHAPTER B, DIVISION 7, RULE 372.408

7. TEXAS ADMINISTRATIVE CODE (TAC) TITLE 1, PART 15, CHAPTER 372, SUBCHAPTER B, DIVISION 7, RULE 372.5

8. TEXAS WORKS HANDBOOK: C-111, INCOME LIMITS

9. TEXAS WORKS HANDBOOK: A-1110, GENERAL POLICY-CHILD SUPPORT

10. TEXAS WORKS HANDBOOK: A-1120, CHILD SUPPORT PROGRAM REQUIREMENTS AND PROCEDURES

11. TEXAS WORKS HANDBOOK: A-1341.1, GRANT AMOUNT

12. TEXAS WORKS HANDBOOK: A-1422, TYPES OF DEDUCTIONS

13. UNITED STATES CODE, TITLE 42, CHAPTER 7, SUBCHAPTER 16, PART A, SECTION 1382a (b)(9)

14. THE FEDERAL POVERTY LEVELS OF 2025 FOR ALL STATES IN THE UNITED STATES

15. YOUR TEXAS BENEFITS INCOME LIMITS ON THEIR WEBSITE

TEXAS HEALTH AND HUMAN SERVICES
P O BOX 149029
AUSTIN, TEXAS 78714-9029


TEXAS
Health and Human
Services

| | |
|---|---|
| **Date:** | **05/06/2021** |
| **Case Number:** | **1000212693** |

**Need help?**

Call 2-1-1 or 1-877-541-7905

If you have a hearing or speech disability, call 7-1-1 or any relay service.
**All numbers are free to call.**

LINDA D TANNER



# Notice about your case:

## SNAP Food Benefits

**EDG number:**

| Who gets SNAP Food Benefits | | |
|---|---|---|
| Name | Date | Monthly Amount |
| Linda D Tanner; | 06/01/2021 - 10/31/2021 | $ 616.00 |
| Linda D Tanner | 05/05/2021 - 05/31/2021 | $ 507.00 |
| Notes:<br><br>Your SNAP benefits will be available by the 12th of each month (If this is your first time getting benefits, you may get them early for the first few months.) | | |

## TANF cash help for families

**EDG number:**

| Who can't get  TANF cash help for families | |
|---|---|
| Name | Date |
| Linda D Tanner | 05/06/2021 |
| Reason: | |

You are not eligible for benefits. - (TW A-2350, 1 TAC 372.1001)
The value of the things you are paying for or own are more than allowed by program rules. - (TW A-1220, 1 TAC 372.354)
The money you get is more than allowed by program rules. - (TW A-1341, 1 TAC 372.408)

Notes:

Linda D Tanner has used 0 months out of the 12 months allowed under State rules.

Linda D Tanner has used 0 months out of the 60 months allowed under TANF Basic rules.

Linda D Tanner has used 0 months out of the 60 months allowed under State Program rules.

Monthly Income Limit - EDG Number
May 2021 - $ 751.00

## Health Care Benefits

| Who gets health care benefits | | | |
|---|---|---|---|
| Name | EDG number | Program | Date |
| | | | 06/01/2021 - 08/31/2021 |
| | | | 06/01/2021 - 08/31/2021 |
| | | | 06/01/2021 - 12/31/2021 |

| Who can't get health care benefits | | | |
|---|---|---|---|
| Name | EDG Number | Program | Date |
| Linda D Tanner | | | 06/01/2021 |

Reason:

You are not eligible for benefits. - (TW A-2350, 1 TAC 366.215; 366.311; 366.409; 366.511; 366.615; 366.711; 366.811; 366.903, 42 CFR 435.919)
(Linda D Tanner, Sophia Eleanor Moreno-jaquez, Layla Grace Tanner) isn't: (1) age 20 or younger, (2) age 65 or older, (3) pregnant, (4) someone with a disability, (5) a dependent child on this case, OR (6) a child who didn't get SSI (Supplemental Security Income) due to the August 1996 change in disability rules. - (TW A-825; A-221B 475.1.2, 1 TAC 366.307; 366.507; 366.611; 366.707; 366.807, 42 CFR 435.301)

TEXAS HEALTH AND HUMAN SERVICES
P O BOX 149029
AUSTIN, TEXAS 78714-9029



TEXAS
Health and Human
Services

**Date:** **06/03/2021**

**Case Number:** **1000212693**

**Need help?**

Call 2-1-1 or 1-877-541-7905

If you have a hearing or speech disability,
call 7-1-1 or any relay service.
**All numbers are free to call.**

LINDA D TANNER

# Notice about your case:

**TANF cash help for families**
**EDG number:**

| Who can't get TAN cash help for fam ies | |
|---|---|
| Name | Date |
| ... Elma M...... nda D Tanner | 06/03/2021 |

Reason

You are not eligible for benefits. - (TW A-2350, 1 TAC 372.1001)
The value of the things you are paying for or own are more than allowed by program rules. - (TW A-1220, 1 TAC 372.354)
The money you get is more than allowed by program rules. - (TW A-1341, 1 TAC 372.408)

Notes:

Linda D Tanner has used 0 months out of the 12 months allowed under State rules

Linda D Tanner has used 0 months out of the 60 months a          under TANF Basic rules

Linda D Tanner has used 0 months out of the 60 months allowed under State Program rules.

Monthly Income Limit - EDG Numb
June 2021 - $ 751.00

## Health Care Benefits

### Who gets health care benefits

| Name | EDG number | Program | Date |
|---|---|---|---|
| Linda D Tanner | ███████████ | ███████████ | 07/01/2021 - 06/30/2022 |
| ███████████ | ███████████ | ███████████ | 07/01/2021 - 06/30/2022 |
| ███████████ | ███████████ | ███████████ | 07/01/2021 - 06/30/2022 |

Notes:

The federal public health emergency declared January 27, 2020 and current federal guidance has allowed certain Medicaid coverage to continue. If there are any additional changes to Medicaid coverage HHSC will let clients know at the appropriate time.

### Who can't get health care benefits

| Name | EDG Number | Program | Date |
|---|---|---|---|

Reason:

You are not eligible for benefits. - (TW A-2350, 1 TAC 366.215; 366.311; 366.409; 366.511; 366.615; 366.711; 366.811; 366.903, 42 CFR 435.919)
Individuals isn't: (1) age 20 or younger, (2) age 65 or older, (3) pregnant, (4) someone with a disability, (5) a dependent child on this case, OR (6) a child who didn't get SSI (Supplemental Security Income) due to the August 1996 change in disability rules. - (TW A-825; A-221B 475.1.2, 1 TAC 366.307; 366.507; 366.611; 366.707; 366.807, 42 CFR 435.301)

TEXAS HEALTH AND HUMAN SERVICES
P O BOX 149029
AUSTIN, TEXAS 78714-9029



**Date:** **09/21/2021**

**Case Number:** **1000212693**

LINDA D TANNER



# Notice about your case:

## TANF cash help for families
EDG number: ▓▓▓▓▓▓▓

| Who can't get TAN cash help for families | |
|---|---|
| Name | Date |
| Linda D Tanner; ▓▓▓▓▓▓▓▓▓▓▓▓ | 09/15/2021 |

| Reason |
|---|
| You are not e        . - (        1        01)   ...an allowed by program rules. - (TW A-1220, 1    (TW A-1341, 1 TAC 372.408) |

| Notes: |
|---|
| Linda D Tanner has used 0 months out of the 12 months allowed under State rules. Linda D Tanner has used 0 months out of the 60 months allowed under TANF Basic rules Linda D Tanner has used 0 months out of the 60 months allowed under State Program rules. Monthly Income Limit - EDG Number: ▓▓▓▓▓▓▓ September 2021 - $188.00 |

# Health Care Benefits

## Who gets health care benefits

| Name | EDG number | Program | Date |
|------|------------|---------|------|
| ██████████████ | ████████ | ████████████████ | 11/01/2021 - 06/30/2022 |
| ████████████████ | ███████████ | ████████████████ | 11/01/2021 - 06/30/2022 |
| Linda D Tanner | ████████████ | ████████████ | 11/01/2021 - 06/30/2022 |

Notes:

A federal public health emergency was declared on Jan. 27, 2020, which allows your Medicaid coverage to continue for the duration of the federally declared emergency. Since the federal public health emergency has been extended, HHSC will continue your coverage until the public health emergency ends. You are getting this notice because a review of your most recent information indicates you will not be eligible for Medicaid coverage when the public health emergency ends. Your Medicaid coverage will end the last day of the month in which the public health emergency ends. While you have coverage, you should continue to report any changes and HHSC will review your eligibility based on the changes you report.

The federal public health emergency declared January 27, 2020 and current federal guidance has allowed certain Medicaid coverage to continue. If there are any additional changes to Medicaid coverage HHSC will let clients know at the appropriate time.

## Who can't get health care benefits

| Name | EDG Number | Program | Date |
|------|------------|---------|------|
| ██████████████ | ██████████ | █████████████████ | 06/01/2021 |
| █████████████████████ | ██████████ | █████████████████ | 06/01/2021 |
| Linda D Tanner | ██████████ | ███████████ | 06/01/2021 |

Reason:

You are not eligible for benefits - (TW A-2350, 1 TAC 366.215; 366.311; 366.409; 366.511; 366.615; 366.711; 366.811; 366.903, 42 CFR 435.919)

Layla Grace Tanner isn't: (1) age 20 or younger, (2) age 65 or older, (3) pregnant, (4) someone with a disability, (5) a dependent child on this case, OR (6) a child who didn't get SSI (Supplemental Security Income) due to the August 1996 change in disability rules. - (TW A-825; A-221B 475.1.2, 1 TAC 366.307; 366.507; 366.611; 366.707; 366.807, 42 CFR 435.301)

Sophia Eleanor Moreno-jaquez isn't: (1) age 20 or younger, (2) age 65 or older, (3) pregnant, (4) someone with a disability, (5) a dependent child on this case, OR (6) a child who didn't get SSI (Supplemental Security Income) due to the August 1996 change in disability rules. - (TW A-825; A-221B 475.1.2, 1 TAC 366.307; 366.507; 366.611; 366.707; 366.807, 42 CFR 435.301)

Linda D Tanner isn't: (1) age 20 or younger, (2) age 65 or older, (3) pregnant, (4) someone with a disability, (5) a dependent child on this case, OR (6) a child who didn't get SSI (Supplemental Security Income) due to the August 1996 change in disability rules. - (TW A-825; A-221B 475.1.2, 1 TAC 366.307; 366.507; 366.611; 366.707; 366.807, 42 CFR 435.301)

Notes:

Layla Grace Tanner already gets this benefit. - (TW A-210, 1 TAC 366.213; 366.309; 366.409; 366.509; 366.613; 366.709; 366.809; 366.903, 42 CFR 435.906)

Sophia Eleanor Moreno-jaquez already gets this benefit. - (TW A-210, 1 TAC 366.213; 366.309; 366.409; 366.509; 366.613; 366.709; 366.809; 366.903, 42 CFR 435.906)

Linda D Tanner already gets this benefit. - (TW A-210, 1 TAC 366.213; 366.309; 366.409; 366.509; 366.613; 366.709; 366.809; 366.903, 42 CFR 435.906)



TEXAS
Health and Human
Services

| | |
|---|---|
| **Date:** 10/02/2023 | **Need help?** |
| **Case Number:** 1000212693 | Call 2-1-1 or 1-877-541-7905 |

If you have a hearing or speech disability, call 7-1-1 or any relay service.
**All numbers are free to call.**

LINDA D TANNER



# Notice about your case:

## TANF cash help for families
EDG number

| Who can't get TANF cash help for families | |
|---|---|
| Name | Date |
| Linda D Tanner; ▓▓▓▓▓▓▓▓▓▓▓▓ | 09/17/2023 |

**Reason:**

You are not eligible for benefits. - (TW A-2350, 1 TAC 372.1001)
The money you get is more than allowed by program rules. - (TW A-1341, 1 TAC 372.408)

**Notes:**

Linda D Tanner has used 0 months out of the 12 months allowed under State rules.

Linda D Tanner has used 0 months out of the 60 months allowed under TANF Basic rules

Linda D Tanner has used 0 months out of the 60 months allowed under State Program rules

Monthly Income Limit for Your Household Size - EDG Number ▓▓▓▓▓▓
September 2023 - $ 188.00

## Health Care Benefits

## Who gets health care benefits

| Name | EDG number | Program | Date |
|---|---|---|---|
| ▉▉▉▉▉▉▉▉▉▉▉ | ▉▉▉▉▉▉▉ | ▉▉▉▉▉▉▉ | 11/01/2023 - 06/30/2024 |
| ▉▉▉▉▉▉▉ | ▉▉▉▉▉ | ▉▉▉▉▉▉▉ | 11/01/2023 - 06/30/2024 |

## Who can't get health care benefits

| Name | EDG Number | Program | Date |
|---|---|---|---|
| Linda D Tanner | ▉▉▉▉▉ | ▉▉▉▉▉▉ | 11/01/2023 |

Reason:

You are not eligible for benefits. - (TW A-2350, 1 TAC 366.215; 366.311; 366.409; 366.511; 366.615; 366.711; 366.811; 366.903, 42 CFR 435.919)
Linda D Tanner already gets this benefit. - (TW A-210, 1 TAC 366.203; 366.303; 366.403; 366.503; 366.603; 366.703; 366.803, 42 CFR 435.906)



**KEN PAXTON**
ATTORNEY GENERAL *of* TEXAS
CHILD SUPPORT DIVISION

Fair and Fraud Hearing

Date: February 25, 2025
Recipient Name: LINDA DIANE TANNER

## CHILD SUPPORT INCOME VERIFICATION REPORT

☐ No case was found on the Child Support Computer System

Other: _____

**This document contains the most recent child support income information in the possession of the Title IV-D agency.**
Federal Tax Offset amounts are not included in the last twelve payments provided. Additional payment records, if applicable, are provided on the reverse side of the report.

| OAG Case #: 0013191555<br>**Registry Only Case:**<br>**Dependent Name(s):** | **Cause #: 2015DCM3860**<br>**The amount of court ordered child support is $247.00 Monthly.** |
|---|---|
| | **Last 12 payments** |
| | **Date** — **Amount** |
| | 02/19/2025 — $57.00 |
| | 02/12/2025 — $57.00 |
| | 02/05/2025 — $57.00 |
| | 02/04/2025 — $247.00 |
| | 01/29/2025 — $57.00 |
| | 01/22/2025 — $57.00 |
| | 01/15/2025 — $57.00 |
| | 01/08/2025 — $57.00 |
| | 01/06/2025 — $247.00 |
| | 01/02/2025 — $57.00 |
| | 12/27/2024 — $57.00 |
| | 12/18/2024 — $57.00 |

| OAG Case #: 0013744696<br>**Registry Only Case:**<br>**Dependent Name(s):** | **Cause #: 2019DCM0599**<br>**The amount of court ordered child support is $328.00 Monthly.** |
|---|---|
| | **Last 12 payments** |
| | **Date** — **Amount** |
| | 02/14/2025 — $114.23 |
| | 01/31/2025 — $241.85 |
| | 01/17/2025 — $154.53 |
| | 01/03/2025 — $133.17 |
| | 12/20/2024 — $194.83 |
| | 12/06/2024 — $83.27 |
| | 11/22/2024 — $209.73 |
| | 11/08/2024 — $52.57 |
| | 10/25/2024 — $241.85 |
| | 10/11/2024 — $45.85 |
| | 09/27/2024 — $241.85 |
| | 09/13/2024 — $73.88 |

| TAC RULE | HISTORICAL | TEXAS REGISTER |
|---|---|---|

| | |
|---|---|
| **Title 1** | ADMINISTRATION |
| **Part 15** | TEXAS HEALTH AND HUMAN SERVICES COMMISSION |
| **Chapter 372** | TEMPORARY ASSISTANCE FOR NEEDY FAMILIES AND SUPPLEMENTAL NUTRITION ASSISTANCE PROGRAMS |
| **Subchapter A** | OVERVIEW AND PURPOSE |
| **Rule §372.2** | Definitions |
| **Previous Rule** | View Rule |
| **Next Rule** | View Rule |
| **Chapter Review Date** | 04/30/2024 |

The following words and terms, when used in this chapter, have the following meanings, unless the context clearly indicates otherwise:

(1) Authorized representative--In the TANF Program, a person whom the certified group authorizes to apply for or manage the TANF benefits on behalf of the certified group but who is not included in the certified group. In SNAP, a person whom the household authorizes to apply for or manage the SNAP benefits on behalf of the household. References in this chapter to a certified group, client, or household include an authorized representative, unless the context indicates otherwise.

(2) Budgetary needs amount--In the TANF Program, a set dollar amount that represents the monthly amount needed by the certified group to pay for food, clothing, housing, utilities, and incidental expenses (which include day-to-day transportation, telephone, laundry, unreimbursed medical expenses, recreation, and household supplies).

(3) Caretaker--In the TANF Program, a person who cares for a dependent child, who meets relationship requirements in §372.108 of this chapter (relating to Relationship Requirement), whom the Texas Health and Human Services Commission (HHSC) includes in the certified group, and who ordinarily receives and manages the TANF benefits for the certified group.

(4) Certified group--The person or group of relatives whose needs HHSC includes together in a TANF case.

(5) CFR--The Code of Federal Regulations.

(6) Child--A person under 18 years of age. In the TANF Program, a child also includes a person under 19 years of age as long as the person is a full-time student in a secondary school (or participant in an equivalent vocational or technical training program) and the person is reasonably expected to complete the school (or the training) before the person's 19th birthday.

(7) Choices--The TANF employment and training program administered by the Texas Workforce Commission.

(8) Client--In the TANF Program, the member of the certified group who receives benefits for the certified group. In SNAP, the member of the household who receives benefits for the household.

(9) Dependent child--In the TANF Program, a child as described in the Texas Human Resources Code, §31.002(b). The term also means a child who has been deprived of

parental support because of the death, absence, or incapacity of a parent who does not have enough income or resources for a reasonable subsistence compatible with health and safety, and who is living with a caretaker.

(10) Fair market value--The amount of money an item would bring if sold in the current local market.

(11) Family--A group of relatives living together who meet the relationship requirements in §372.108 of this chapter.

(12) Federal Poverty Guidelines--The household income guidelines issued annually and published in the Federal Register by the U.S. Department of Health and Human Services. Percentages of these guidelines are used to determine income eligibility for TANF, SNAP, and certain other public assistance programs.

(13) Household--The person or persons whose needs HHSC includes in a SNAP case for benefits. In the TANF Program, the family members who live together.

(14) Parent--A mother or father, as established through biological relationship or legal process.

(15) Payee--In the TANF Program, a person who receives and manages the TANF benefits for a certified group and who otherwise qualifies as a caretaker, except HHSC does not include the person in the certified group. HHSC designates a payee when no one in the household qualifies or wants to be caretaker.

(16) Personal Responsibility Agreement (PRA)--In the TANF Program, a written agreement that defines the responsibilities of participants.

(17) Protective payee--In the TANF Program, a person whom HHSC selects to receive and manage benefits for the certified group instead of the caretaker. HHSC may designate a

**Source Note:** The provisions of this §372.2 adopted to be effective September 1, 2009, 34 TexReg 5361.

**TAC RULE**    HISTORICAL    TEXAS REGISTER

| | |
|---|---|
| **Title 1** | ADMINISTRATION |
| **Part 15** | TEXAS HEALTH AND HUMAN SERVICES COMMISSION |
| **Chapter 372** | TEMPORARY ASSISTANCE FOR NEEDY FAMILIES AND SUPPLEMENTAL NUTRITION ASSISTANCE PROGRAMS |
| **Subchapter A** | OVERVIEW AND PURPOSE |
| **Rule §372.4** | Purpose of TANF and SNAP |
| **Previous Rule** | View Rule |
| **Next Rule** | View Rule |
| **Chapter Review Date** | 04/30/2024 |

(a) The TANF Program encourages self-sufficiency by providing temporary cash assistance and work opportunities to needy families with dependent children.

**Source Note:** The provisions of this §372.4 adopted to be effective September 1, 2009, 34 TexReg 5361.

**TAC RULE**  HISTORICAL  TEXAS REGISTER

| | |
|---|---|
| **Title 1** | ADMINISTRATION |
| **Part 15** | TEXAS HEALTH AND HUMAN SERVICES COMMISSION |
| **Chapter 372** | TEMPORARY ASSISTANCE FOR NEEDY FAMILIES AND SUPPLEMENTAL NUTRITION ASSISTANCE PROGRAMS |
| **Subchapter B** | ELIGIBILITY |
| **Division 7** | INCOME |
| **Rule §372.404** | Countable and Excluded Income in TANF |
| **Previous Rule** | View Rule |
| **Next Rule** | View Rule |
| **Chapter Review Date** | 04/30/2024 |

In the TANF program, the Texas Health and Human Services Commission (HHSC) counts all income of a person described in §372.403 of this division (relating to Determining Whose Income Counts in TANF), except HHSC excludes the following:

(1) any income federal law excludes;

(2) the earned income of a child who is:

(A) a full-time student, as defined by the school (regardless of how many hours the child works); or

(B) a part-time student employed less than 30 hours a week;

(3) up to $300 per federal fiscal quarter in cash gifts and contributions from private, nonprofit organizations and based on need;

(4) up to $75 per month in regular child support payments per household, except HHSC counts all child support payments a household receives if HHSC determines the household violated an agreement to assign child support to the State;

(5) income legally diverted before actual receipt, such as payments a parent makes for alimony, child support, and to dependents outside the home;

(6) proceeds from claims on insurance policies to compensate a loss or used to pay medical expenses;

(7) payments from federal volunteer programs for volunteer service, such as payments:

(A) for volunteer service in a senior citizen volunteer program, under the Domestic Volunteer Service Act (42 U.S.C. §5000 et seq.);

(B) for volunteer service to Volunteers in Service to America (VISTA), under 42 U.S.C. §§4951 - 4960; and

(C) for volunteer service under the National and Community Service Act (42 U.S.C. §§12511 - 12656);

(8) payments under the Workforce Investment Act of 1998;

(9) the value of any benefits received under a government nutrition assistance program based on need, including benefits under SNAP, the Child Nutrition Act of 1966, the National School Lunch Act, and the Older Americans Act of 1965;

(10) foster care payments;

(11) payments made under a government housing assistance program based on need;

(12) energy assistance payments;

(13) job training payments that:

  (A) are earmarked as reimbursement for training-related expenses; and

  (B) do not duplicate payment for an item covered by budgetary needs;

(14) a lump sum provided and used to pay burial, legal, or medical bills, or to replace damaged or lost possessions, except HHSC does not exclude amounts from lump sums used for another purpose;

(15) reimbursements for monies spent on items not covered by budgetary needs;

(16) amounts deducted from royalties for production expenses and severance taxes;

(17) all income of Supplemental Security Income recipients;

(18) third-party funds received and used for a third-party beneficiary who is not a household member;

(19) vendor payments from funds not legally obligated to the household;

(20) veterans benefits for special needs items not covered by budgetary needs;

(21) workers' compensation payments legally obligated to the recipient that are earmarked and used for medical expenses;

(22) the amount of any nonfarm self-employment income offsetting a tax deduction taken that year for a farm loss, for households with farms generating income of at least $1,000 annually;

(23) any income described in §372.355(d) of this subchapter (relating to Treatment of Resources in SNAP);

(24) any income described in §372.354(c)(4), (13), (17), and (18) of this subchapter (relating to Treatment of Resources in TANF);

(25) crime victim's compensation payments;

---

**Source Note:** The provisions of this §372.404 adopted to be effective September 1, 2009, 34 TexReg 5361; amended to be effective June 9, 2010, 35 TexReg 4668; amended to be effective November 20, 2016, 41

| TAC RULE | HISTORICAL | TEXAS REGISTER | |
|---|---|---|---|
| **Title 1** | | ADMINISTRATION | |
| **Part 15** | | TEXAS HEALTH AND HUMAN SERVICES COMMISSION | |
| **Chapter 372** | | TEMPORARY ASSISTANCE FOR NEEDY FAMILIES AND SUPPLEMENTAL NUTRITION ASSISTANCE PROGRAMS | |
| **Subchapter B** | | ELIGIBILITY | |
| **Division 7** | | INCOME | |
| **Rule §372.408** | | Determining Income Eligibility | |
| **Previous Rule** | | View Rule | |
| **Next Rule** | | View Rule | |
| **Chapter Review Date** | | 04/30/2024 | |

(a) In the TANF Program, the Texas Health and Human Services Commission (HHSC) determines income eligibility by applying the following tests:

(1) Budgetary needs test. The first income eligibility test for TANF applicants, the budgetary needs test applies to households that have not received TANF benefits during the four months before the application month. HHSC determines the applicable budgetary needs amount from the table in paragraph (2) of this subsection, based on the persons in the certified group and whether the household includes a second parent. A household passes this test if the total income under §372.403 of this division (relating to Determining Whose Income Counts in TANF) does not exceed the budgetary needs amount.

(2) Recognizable needs test. The second income eligibility test for TANF applicants, the recognizable needs test applies to the continuing income eligibility of TANF recipients. HHSC determines the applicable recognizable needs amount from the following table, based on the persons in the certified group and whether the household includes a second parent. A

**Source Note:** The provisions of this §372.408 adopted to be effective September 1, 2009, 34 TexReg 5361.

Figure: TAC §372.408(a)(2)

| NUMBER N CERTIFIED GROUP | NO CAR AK F N C F D GROUP | | CAR AK F N CERTIFIED GROUP | | CAR AK R AND SECOND PAR N | |
|---|---|---|---|---|---|---|
| | Budgetary Needs | Recognizable Needs | Budgetary Needs | Recognizable Needs | Budgetary Needs | Recognizable Needs |
| | 256 | 64 | 3 3 | 78* | | |
| 2 | 369 | 92 | 650 | 163 | 498 | 25* |
| 3 | 5 8 | 30 | 75 / 751 | 88 / 188 | 824 | 206 |
| 4 | 6 7 | 54 | 903 | 226 | 925 | 23 |
| 5 | 793 | 98 | 003 | 25 | 073 | 268 |
| 6 | 856 | 2 4 | 53 | 288 | 76 | 294 |
| 7 | 068 | 267 | 252 | 3 3 | 3 9 | 330 |
| 8 | 73 | 293 | 425 | 356 | 422 | 356 |
| 9 | 346 | 337 | 528 | 382 | 595 | 399 |
| 0 | 450 | 363 | 70 | 425 | 698 | 425 |
| | 623 | 406 | 804 | 45 | 87 | 468 |
| 2 | 726 | 432 | 977 | 494 | 975 | 494 |
| 3 | 899 | 475 | 2080 | 520 | 2 47 | 537 |
| 4 | 2003 | 50 | 2253 | 563 | 225 | 563 |
| 5 | 2 74 | 544 | 2356 | 589 | 2423 | 606 |
| **Per each additiona member** | 73 | 43 | 73 | 43 | 73 | 43 |

*Caretaker only in certified group - a child as described in §372.102(b)(1)(B) or (C) of this subchapter (relating to Caretaker)

**TAC RULE**    HISTORICAL    TEXAS REGISTER

| | |
|---|---|
| **Title 1** | ADMINISTRATION |
| **Part 15** | TEXAS HEALTH AND HUMAN SERVICES COMMISSION |
| **Chapter 372** | TEMPORARY ASSISTANCE FOR NEEDY FAMILIES AND SUPPLEMENTAL NUTRITION ASSISTANCE PROGRAMS |
| **Subchapter A** | OVERVIEW AND PURPOSE |
| **Rule §372.5** | Funding for TANF and SNAP |
| **Previous Rule** | View Rule |
| **Next Rule** | View Rule |
| **Chapter Review Date** | 04/30/2024 |

(a) The federal government and the State of Texas provide the funding for the TANF Program. The State of Texas fully funds the TANF State Program.

(b) The federal government provides most of the funding for SNAP and the State of Texas funds

**Source Note:** The provisions of this §372.5 adopted to be effective September 1, 2009, 34 TexReg 5361.

# Texas Works Handbook

## C-110, TANF

## C-111 Income Limits

Revision 24-4; Effective Oct. 1, 2024

**TANF**

**Temporary Assistance for Needy Families (TANF) Budgetary Allowances (Oct. 1, 2024)**

| Family Size | Non-Caretaker Cases | | | Caretaker Cases Without Second Parent | | | Caretaker Cases With Second Parent | | |
|---|---|---|---|---|---|---|---|---|---|
| | Bud Needs (100%) | Rec Needs (25%) | Max Grant | Bud Needs (100%) | Rec Needs (25%) | Max Grant | Bud Needs (100%) | Rec Needs (25%) | Max Grant |
| 1 | $256 | $64 | $126 | $313 | $78* | $154 | --- | --- | --- |
| 2 | $369 | $92 | $182 | $650 | $163 | $320 | $498 | $125** | $245 |
| 3 | $518 | $130 | $255 | $751 | $188 | $370 | $824 | $206 | $405 |
| 4 | $617 | $154 | $304 | $903 | $226 | $445 | $925 | $231 | $455 |
| 5 | $793 | $198 | $391 | $1003 | $251 | $494 | $1073 | $268 | $528 |
| 6 | $856 | $214 | $422 | $1153 | $288 | $568 | $1176 | $294 | $578 |
| 7 | $1068 | $267 | $526 | $1252 | $313 | $616 | $1319 | $330 | $649 |
| 8 | $1173 | $293 | $577 | $1425 | $356 | $701 | $1422 | $356 | $699 |
| 9 | $1346 | $337 | $663 | $1528 | $382 | $752 | $1595 | $399 | $785 |
| 10 | $1450 | $363 | $714 | $1701 | $425 | $837 | $1698 | $425 | $835 |
| 11 | $1623 | $406 | $799 | $1804 | $451 | $888 | $1871 | $468 | $920 |
| 12 | $1726 | $432 | $850 | $1977 | $494 | $973 | $1975 | $494 | $972 |
| 13 | $1899 | $475 | $935 | $2080 | $520 | $1024 | $2147 | $537 | $1056 |
| 14 | $2003 | $501 | $986 | $2253 | $563 | $1109 | $2251 | $563 | $1107 |
| 15 | $2174 | $544 | $1070 | $2356 | $589 | $1159 | $2423 | $606 | $1192 |
| Each additional person | $173 | $43 | $85 | $173 | $43 | $85 | $173 | $43 | $85 |

\* Caretaker of child receiving Supplemental Security Income (SSI)
\*\* Caretaker and second parent of child receiving SSI
"Bud Needs" is budgetary needs.
"Rec Needs" is recognizable needs.

## C-112 How to Prorate TANF Grants

Revision 22-3; Effective July 1, 2022

**TANF**

# A-1340, Income Limits

[Printer-friendly version](#)

Revision 08-1; Effective January 1, 2008

**On this page**

**A-1341 Income Limits and Eligibility Tests**

A-1341.1 Grant Amount

# [] A-1341 Income Limits and Eligibility Tests

Revision 21-3; Effective July 1, 2021

## TANF

There are two eligibility tests for TANF.

## Budgetary Needs Test

The budgetary needs test is the first eligibility test for the household. It applies to all households who have not received TANF in the last four months (in Texas or another state).

If an unmet need of less than 50 cents remains, the household is ineligible.

## Recognizable Needs Test

The recognizable needs test is the final eligibility test for the household. This test applies to all applicants and certified households.

The recognizable needs test has two parts. Applicant households (those subject to the budgetary needs test)  must pass both Part A and Part B. All other households must pass only Part B.

If an unmet need of one cent or more remains, the household is eligible.

# Needs Tests Instructions

Include all countable earned and unearned income. Follow the steps below:

1. Total the gross earned and unearned income for each person.

2. Add applied income amount. Applied income is the countable amount of income after allowing deductions for tax dependents, child support, alimony, and people a legal parent is legally obligated to support.

3. Subtract the child support disregard, if applicable.

4. Subtract the standard work-related expense (not to exceed the household member's monthly earned income) for each qualifying member with countable earnings.

5. Subtract each member's allowable costs for dependent care (up to the maximum).

6. Subtract any child support expense.

7. Compare the net income to the budgetary needs amount. If the net income or unmet need is 50 cents or more, the household passes the budgetary needs test.

**Note**: If there is a diversion amount and someone other than the person with diversions has count income (or two household members with joint diversions both have countable income), each member's income or earned income deductions are computed separately until the **actual** amount allowed to be diverted from each person's income is subtracted. Then the total net incomes are combined.

When two members have joint diversions, any amount of the diversion that exceeds one member's income can be diverted from the other member's income using the steps below:

1. Subtract 1/3 of the net income for applicants with earned income who have not been active TANF in the last four months.

2. Subtract 90 percent of the remaining earnings (up to a cap of $1,400). Allow this deduction for each employed household

member who is eligible for it. The person can receive this deduction for four months in a 12-month period. The four months do not have to be consecutive. **Note:** Do not count a month in which a full-family sanction is imposed as one of the 90 percent earned income deduction (EID) months.

**Note:** If there is a diversion amount and someone other than the person with diversions has countable income (or two members with joint diversions both have countable income), each member's income and earned income deductions are computed separately until after subtracting the **actual** amount allowed to be diverted from each person's income. Then the adjusted gross incomes are combined.

When two members have joint diversions, any amount of the diversion that exceeds one member's income can then be diverted from the other member's income.

For each household member with earnings, the deductions cannot exceed the person's total income. This also applies when there is more than one household member with earnings, diverted income or both.

The adjusted income should be compared to the recognizable needs amount. If the adjusted income is one cent or more, the household passes the recognizable needs test.

The adjusted income is subtracted from the maximum grant amount to determine the benefit amount.

## Related Policy

Child Support Deductions, A-1421 [/handbooks/texas-works-handbook/a-1420-types-deductions#A1421]
$75 Disregard Deduction, A-1422 [/node/285216#A1422]
Dependent Care Deduction, A-1423 [/node/285216#A1423]
Diversions, Alimony, and Payments to Dependents Outside the Home, A-1424 [/node/285216#A1424]

Work-Related Expense ($120 and 20%), A-1425.1
[/node/285216#A1425.1]

1/3 Disregard for Applicants, A-1425.2 [/node/285216#A1425.2]

90% Earned Income Deduction, A-1425.3 [/node/285216#A1425.3]

Income Limits, C-111 [/handbooks/texas-works-handbook/c-110-tanf#C111]

## SNAP

There are two eligibility tests for SNAP.

## Gross Income Test

Gross income is the total countable income. This test applies to all households except those:

- with a member who is elderly or has a disability; or
- that are categorically eligible.

To be considered categorically eligible, all household members must be approved for TANF or SSI, or a combination of TANF and SSI, or the household must meet resource criteria and have gross income below or equal to 165 percent Federal Poverty Level (FPL) for its size.

A household subject to the gross income test is ineligible if unrounded gross income exceeds the limit by one cent or more.

**Note:** For households with a deductible farm loss, the loss is subtracted before applying the gross income test.

### Related Policy

Households with Elderly Members or Members with a Disability, B-430 [/handbooks/texas-works-handbook/b-430-households-elderly-members-or-members-a-disability]

## Net Income Test

Net income is the gross income minus allowable deductions. This test applies to all households, except categorically eligible households.

**Note:** The net income test applies to a household with a member who is elderly or has a disability if the household's gross income exceeds 165 percent FPL and the household does not meet categorically eligible requirements.

If a household's rounded income exceeds the net income limits, the household is ineligible. Fifty cents or more is rounded up and 49 cents or less is rounded down. The EDG is denied if net income results in zero allotment for the initial and ongoing months.

TIERS will assign the appropriate income test at Eligibility Summary after running Eligibility Determination Benefit Calculation (EDBC).

**Related Policy**

Benefits, A-2322 [/handbooks/texas-works-handbook/a-2320-eligibility-dates-benefit-amounts#A2322]
Maximum Income Limits, C-121 [/handbooks/texas-works-handbook/c-120-supplemental-nutrition-assistance-program#C121]

# Medical Programs

For Medical Programs, Modified Adjusted Gross Income (MAGI) [/node/39416#magi] financial eligibility is determined by comparing the applicable program income limit and the MAGI household income calculated using **Step 1** through **Step 5** below.

Follow the five steps below in the specified order for **each person applying for benefits** to determine MAGI financial eligibility for each person.

**Step 1** — Determine MAGI Household Composition

The MAGI household composition for the person will be used to complete Steps 2, 3, 4, and 5.

**Step 2** — Determine MAGI Individual Income

Identify and list all income, expenses, and overpayments for each person in the MAGI household.

Form H1042 [/node/168076] , Modified Adjusted Gross Income (MAGI) Worksheet: Medicaid and CHIP, is used for each person included in the person's MAGI household composition to list and calculate:

- earned income, excluding any pretax contributions;
- unearned income;
- self-employment income;
- American Indian/Alaska Natives (AI/AN) disbursement;
- overpayments; and
- expenses.

**Step 3** — Determine Whether Any Exemptions Apply to MAGI Household Income

If a person meets one of the following exceptions for the taxable year in which Medicaid or Children's Health Insurance Program (CHIP) eligibility is requested, their MAGI individual income [/node/39416#magi] is not included when calculating MAGI household income (as explained in **Step 4**).

**Exception 1:**

A person is a child (natural, adopted or step), regardless of age, who is:

- included in the MAGI household composition of a parent or whose MAGI household composition includes a parent; and
- not expected to be required to file a federal income tax return since the child's monthly income is below the monthly Internal Revenue Service (IRS) income threshold.

**Exception 2:**

A person is a tax dependent who is:

- included in the MAGI household composition of the taxpayer claiming them as a tax dependent; and
- not expected to be required to file a federal income tax return since the tax dependent's monthly income is below the monthly IRS income threshold.

If a person meets the criteria for Exception 1 or 2 and does not have any income, it is not necessary to determine whether the person is expected to be required to file an income tax return because there is no income to compare with the IRS income threshold. Move to **Step 4** at this point.

**Note:** Even if a person's tax status is "non-taxpayer/non-tax dependent," the person may be "expected to be required to file" a federal income tax return based on the IRS threshold amounts.

For a person who is expected to be required to file a federal income tax return, all MAGI Individual Income from Step 2 counts in every household composition in which that person is included.

If a child meets **Exception** 1:

- their income is excluded from the MAGI household income of every applicant or recipient whose MAGI household composition includes that child; and
- the child's income is exempt from their own MAGI household income.

If a tax dependent meets **Exception** 2:

- the tax dependent's income is excluded from the MAGI household income of the taxpayer who plans to claim that person on a federal income tax return for the taxable year in which the taxpayer is requesting Medicaid or CHIP eligibility; and
- this tax dependent's MAGI Individual Income counts in their own MAGI household income and counts in the MAGI household

income of everyone else in whose MAGI household they are included.

If a person meets the criteria for both exceptions (a child (regardless of age) included in the MAGI household composition of a parent **and** a tax dependent included in the MAGI household composition of the taxpayer), Exception 1 applies. Exception 1 is more beneficial for the child because the child's income would then be exempt from the child's MAGI Individual Income.

Example: A child (regardless of age) lives with her mother, has no income, and her mother expects to claim the child on her federal income tax return. The child would meet Exception 1 and Exception 2. For the purposes of exempting the child's income, the child (regardless of age) is considered a child who is included in the MAGI household composition of a parent whose MAGI group includes a parent (Exception 1). Because the child has no income to exempt, there is no need to compare her income to the tax thresholds. If the child did have income under the threshold, it would be more beneficial to allow her Exception 1 so that her income would not be counted on her own MAGI household income.

**Example**: Grandma Mary and Grandpa John expect to file taxes jointly and claim their three grandchildren, Sally, 8, Lucy, 12 and Mike, 14, as tax dependents. Grandma Mary and Grandpa John have **not** adopted their grandchildren. Grandma Mary applies for medical assistance for her grandchildren but does **not** apply for medical assistance for herself or Grandpa John.

Sally, Lucy, and Mike each receive $1500 a month in Social Security survivor benefits (SSB). The children meet a tax dependent exception because they are claimed as a tax dependent by a taxpayer who is not their spouse or parent. Their MAGI household compositions are determined using the non-taxpayer and non-tax dependent rules.

The MAGI household for each child includes the three siblings (Sally, Lucy and Mike) and the survivor benefits count in each child's own

MAGI household income and in the MAGI household income of their siblings. If Grandma Mary and Grandpa John had applied for medical assistance, the children's survivor benefits would **NOT** count in their MAGI household income.

**Step 4** — Calculate MAGI Household Income

First, the MAGI Individual Income for each person included in the applicant's or recipient's MAGI household composition is calculated by:

- adding earned income, unearned income, self-employment income, and AI/AN disbursements (if AI/AN status is not verified per policy or the income source is not verified);
- subtracting overpayments; and
- subtracting expenses.

| Income and Expenses | Person 1 | Person 2 | Person 3 | Person 4 |
|---|---|---|---|---|
| **Total earned/unearned income** | | | | |
| *Add* | + | + | + | + |
| **Total self-employment Income** | | | | |
| *Add* | + | + | + | + |
| **Total AI/AN disbursement** | | | | |
| *Subtract* | - | - | - | - |
| **Total recoupment of** | | | | |

| Income and Expenses | Person 1 | Person 2 | Person 3 | Person 4 |
|---|---|---|---|---|
| overpayments | | | | |
| *Subtract* | - | - | - | - |
| Total expenses | | | | |
| *Equals* | = | = | = | = |
| MAGI Individual Income | | | | |

Second, the MAGI Individual Income for all people included in the applicant's or recipient's MAGI household composition must be totaled. Anyone's income (as applicable) based on Exceptions 1 and 2 from Step 3 is exempt.

| Add MAGI Individual Income | | + | | + | | + | = |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

Third, the standard MAGI income disregard, by MAGI household size, must be subtracted from the sum of the MAGI Individual Incomes to get the MAGI household income. The standard MAGI disregard is an income disregard equal to five percentage points of the FPL. It is a standard amount based on the applicable household size across all Medical Programs that use MAGI rules to determine income.

**Ex. Sum of MAGI Individual Incomes** *subtract* **Standard MAGI Disregard** *equals* **MAGI Household Income**

**Note:** The standard MAGI income disregard is updated annually based on the annual updates to the FPL.

**Step 5** — Determine MAGI Financial Eligibility

The person's eligibility is determined by comparing whether the applicant's or recipient's MAGI household income is less than or equal

to the income limit of the applicable program based on FPL and MAGI household size.

**Steps 1 to 5** must be repeated for each person applying for Medical Programs.

## Related Policy

Medical Programs, A-240 [/handbooks/texas-works-handbook/a-240-medical-programs]
Who Is Included, A-241.1 [/node/284856#A241.1]
Verification Requirements, A-1370 [/handbooks/texas-works-handbook/a-1370-verification-requirements]
Income Limits, C-131 [/handbooks/texas-works-handbook/c-130-medical-programs#C131]
Standard MAGI Income Disregard, C-131.4 [/node/306321#C131.4]
IRS Monthly Income Thresholds, C-131.5 [/node/306321#C131.5]
Guidelines for Providing Retroactive Coverage for Children and Medical Programs, C-1114 [/handbooks/texas-works-handbook/c-1110-medical-information#C1114]

# [] A-1341.1 Grant Amount

Revision 24-4; Effective Oct. 1, 2024

## TANF

The TANF grant amount is the amount of the monthly benefit. The TANF grant is approximately 17 percent of the Federal Poverty Level (FPL) [/node/39416#F] . The federal government periodically adjusts the FPL.

After the household passes the recognizable needs test, the recommended grant amount is calculated. Subtract the household's adjusted gross income, rounded down to the nearest dollar, from the

maximum grant amount allowed for the household's size and composition.

The minimum grant amount is $10. The household is eligible to receive the minimum grant if the recommended grant amount is less than $10.

Benefits of less than $10 are issued only for:

- supplemental payments; and
- payments made after processing a recoupment.

**Related Policy**

Income Limits, C-111 [/node/306311#C111]

# A-1120, Child Support Program Requirements and Procedures

Printer-friendly version

Revision 15-4; Effective October 1, 2015

## TANF and Medical Programs

Form H1712 [/node/18027] , Explanation of Child/Medical Support, Family Violence and Good Cause, is used to explain the:

- child support process;
- benefits of the child support program;
- penalties for noncooperation;
- details about the family violence option;
- details of the good cause claim for not cooperating; and
- individual's responsibility to:
  - provide information to the OAG and HHSC on all possible biological and/or legal parent(s);
  - help the OAG find the absent parent;
  - help the OAG establish paternity, if necessary;
  - go to the OAG office or to court to sign papers or provide necessary information; and
  - remit all child/medical support payments received after TANF is approved.

**On this page**

A—1121 Authorization and Assignment of Child and Medical Support

A—1122 Parent Profiles for Child and Medical Support Referrals

A—1122.1 Parent Profile Questionnaire

A—1122.2 Child Support and Medical Support Referrals

A—1123 Updates to Child Support Referrals

A—1124 TANF

A—1125 OAG Distribution

# [] A—1121 Authorization and Assignment of Child

# and Medical Support

Revision 15-4; Effective October 1, 2015

## TANF and TP 08

The assignment of rights to child and medical support is accomplished when an applicant signs an application that includes a request for TANF or TP 08. Signing the application gives the OAG permission to receive and process any child or medical support payments made payable to the child.

# [] A—1122 Parent Profiles for Child and Medical Support Referrals

Revision 02-6; Effective July 1, 2002

# [] A—1122.1 Parent Profile Questionnaire

Revision 22-2; Effective April 1, 2022

## TANF and TP 08

Form H0050 [/regulations/forms/0-999/form-h0050-parent-profile-questionnaire] , Parent Profile Questionnaire, information is required for each absent parent. The absent parent information may be obtained verbally and entered into the **Absent Parent** page. If a child has both a legal and a biological absent parent,

information on both the legal and biological parent is required unless the person can reasonably explain why it is impossible to provide information or has established good cause. The person must provide the following information about the absent parent:

- the absent parent's first and  last name;
- information about the relationship (divorced, separated or never married) between the child's parents; and
- at least one of the following:
  - the absent parent's Social Security number;
  - the absent parent's current or last known address; or
  - the absent parent's current or previous employer information.

Staff must address each item on Form  H0050 and help the person obtain information about the absent parent(s). The OAG establishes cases based on information collected from the applicant and entered by HHSC staff. Failure to provide complete and accurate information may affect the successful enforcement of child support.

## TP 43, TP 44 and TP 48

If the person volunteers to receive services provided by the OAG, staff must collect absent parent information as noted above andrefer the child's Eligibility Determination Group (EDG) to the OAG.

## Related Policy

Explanation of Good Cause, A-1130
[/handbooks/texas-works-handbook/a-1130-
explanation-good-cause]

# [] A—1122.2 Child Support and Medical Support Referrals

Revision 15-4; Effective October 1, 2015

## TANF and Medical Programs except TP 40 and TP 36

Advisors must send referrals to the OAG on legal and biological parent(s):

- when deprivation is based on absence;
- when deprivation is based on death;
- if paternity cannot be established using policy in A-1021 [/handbooks/texas-works-handbook/a-1020-establishing-deprivation-children-unwed-parents#A1021] , Unwed Parents Living Together, for a biological father who is in the home;
- if the family volunteers to receive services provided by the OAG for Children's Medicaid programs; or
- the adult caretaker receives TP 08. See A-1122.1 [#A1122.1] , Parent Profile Questionnaire, for Children's Medicaid programs.

Advisors do not send a referral if:

- a child in the home is not deprived because both parents are in the home or deprivation is based on unemployment or underemployment (TANF-State Program [SP]);

- a claim of good cause has been established;

- deprivation is based on physical or mental incapacity; or

- the legal or biological father of a pregnant woman's unborn child has no other children receiving Medicaid.

Advisors must review Form H0050 [/node/17781] , Parent Profile Questionnaire, with the individual to ensure no items are blank, that the individual provided complete and current information, and entered the information in the Absent Parent logical unit of work (LUW). The Texas Integrated Eligibility Redesign System (TIERS) automatically sends the referral to the OAG.

# [] A—1123 Updates to Child Support Referrals

Revision 15-4; Effective October 1, 2015

## TANF and TP 08

Advisors must advise the client to report new information about the absent parent(s), review the information previously submitted for accuracy, and update items as needed. The OAG will receive the update automatically.

# [] A—1124 TANF

Revision 15-4; Effective October 1, 2015

After certification, TANF individuals must remit to the OAG all child support payments received for a certified child. Individuals should be given sufficient copies of Form H1710 [/node/18026] , Payment Identification, and OAG self-addressed envelopes, if payments are being made or might be made. When the individual receives a child support payment from an absent parent following certification, the individual must:

- write on the check or money order "Deposit Only - State Treasury" and **not** endorse the check or money order;
- include Form H1710 with the check or money order; and
- send it to the Texas Child Support Disbursement Unit, P.O. Box 659791, San Antonio, Texas 78265-9941.

If child support is intended for a child on TANF and one on Supplemental Security Income (SSI), the individual must remit the payment to the OAG for proration and distribution to occur.

If the individual turns in child support payments to the local office, advisors must:

- forward the payment(s) to the Child Support Disbursement Unit; and
- give the individual a copy of Form H4100 [/node/18139] , Money Receipt.

Advisors must send Form H1701 [/node/18022] , Child Support, TANF Foster Care and TANF/Medicaid Case Information Exchange, including the amounts and months involved, to the OAG if the advisor becomes aware that the individual did not remit a child support payment. Advisors should follow policy in A-1140 [/handbooks/texas-works-handbook/a-1140-noncooperation-child-support-program-requirements] , Noncooperation with Child Support Program Requirements, to sanction the individual for noncooperation. If the individual indicates they will continue to keep child support received from the absent parent, the advisor should follow policy in B-700 [/node/75391] , Claims, and process a claim for the month(s) of unreported income.

If the OAG becomes aware that the individual received child support and did not remit the payments, the child support officer notifies the advisor on Form H1701. The advisor must process a claim for the unreported income.

## TANF-SP

The household must not be required to remit any child support collected on behalf of a non-mutual child.

## Related Policy

Remitting Cash Medical Support Payments to the Third-Party Resources (TPR) Unit, A-861.5 [/handbooks/texas-works-handbook/a-860-third-party-resources#A861.5]

Child Support, A-1326.2 [/handbooks/texas-works-handbook/a-1320-types-income#A1326.2]

# [] A—1125 OAG Distribution

Revision 15-4; Effective October 1, 2015

## TANF

After individuals are certified for TANF, they must send all child support payments received to the OAG Child Support Division. The OAG:

- sends the $75 disregard to the individual;
- reimburses the state for TANF paid to the individual; and
- sends HHSC the monthly interface file of child support collections for TANF recipients.

HHSC uses the information to determine whether the collection exceeds the grant plus the disregard, and to determine grant in jeopardy if it exceeds the grant.

If the individual receives child support for an SSI child in the household, the OAG will distribute (directly to the individual) the prorated share of support intended for the SSI child.

The month after the OAG receives a child support payment, the OAG will send the individual up to $75 (disregard payment). The amount sent is the lesser of:

- the court-ordered payment amount,
- the amount the OAG received during a given month, or
- $75.

When the OAG receives a child support collection that exceeds the grant plus unreimbursed assistance, the excess is sent to the individual. Form H1714, Notice of Grant Jeopardy; Form H1715, Notice of Excess Payment; or Form H1717, Notice of Grant Jeopardy/Excess Payment — Denial, will notify the advisor of the date and amount of the payment.

A grant-in-jeopardy EDG may be generated for EDGs involving SSI children. In processing the grant-in-jeopardy, TIERS determines whether the prorated share of child support exceeds the TANF grant, minus the disregard. If the prorated share exceeds the TANF grant, minus the disregard, TIERS will deny the EDG. If the amount does not exceed the TANF grant, TIERS will allow the TANF EDG to continue.

| Example: | The household consists of a caretaker and one child who receives TANF and one child who receives SSI. | |
|---|---|---|
| - | $300 | child support for both children |
| - | -150 | will go directly to SSI child |

| Example: | The household consists of a caretaker and one child who receives TANF and one child who receives SSI. | |
|---|---|---|
| - | 150 | child support for TANF child |
| - | - 75 | disregard |
| - | $75 | does not exceed TANF for a caretaker and one child; the state retains the child support |

**Note:** If the individual appeals the action described in A-852 [/handbooks/texas-works-handbook/a-850-tp-20-alimonyspousal-support-transitional-medicaid-coverage#A852] , Automated Process, and receives continued benefits, the advisor must count the excess payment as income during the appeal period if the advisor anticipates that the child support payments will continue.

**Related Policy** Automated Process, A-852 [/node/285016#A852] Child Support, A-1326.2 [/handbooks/texas-works-handbook/a-1320-types-income#A1326.2] $75 Disregard Deduction, A-1422 [/handbooks/texas-works-handbook/a-1420-types-deductions#A1422] Child Support Systems, C-830 [/handbooks/texas-works-handbook/c-830-child-support-systems]

# [] A-1422 $75 Disregard Deduction

Revision 15-4; Effective October 1, 2015

## TANF

Up to $75 of child support received before the certification date may be deducted.

**Related Policy**

Child Support, A-1326.2 [/handbooks/texas-works-handbook/a-1320-types-income#A1326.2]

# [] A-1423 Dependent Care Deduction

Revision 23-1; Effective Jan. 1, 2023

## TANF

The maximum dependent care deduction is:

- $200 a month for each child under 2;
- $175 a month for each child 2 or older; and
- $175 a month for each adult with disabilities.

An earned income deduction is allowed for the actual cost of unreimbursed payments up to and including the maximum amount when the person incurs an expense for:

- the care of a child or adult with disabilities, even when the child or adult with disabilities is not included in the certified group;

LII > U.S. Code > Title 42 > CHAPTER 7 > SUBCHAPTER XVI > Part A **> § 1382a**

Quick search by citation:

**Title**

enter title

**Section**

section

Go!

# 42 U.S. Code § 1382a - Income; earned and unearned income defined; exclusions from income

U.S. Code     Notes

(a) For purposes of this subchapter, income means both earned income and unearned income; and—

(1) earned income means only—

(A) wages as determined under section 403(f)(5)(C) of this title but without the application of section 410(j)(3) of this title (and, in the case of cash remuneration paid for service as a member of a uniformed service (other than payments described in paragraph (2)(H) of this subsection or subsection (b)(20)), without regard to the limitations contained in section 409(d) of this title);

**(B)** net earnings from self-employment, as defined in section 411 of this title (without the application of the second and third sentences following subsection (a)(11),[1] the last paragraph of subsection (a), and section 410(j)(3) of this title), including earnings for services described in paragraphs (4), (5), and (6) of subsection (c);

**(C)** remuneration received for services performed in a sheltered workshop or work activities center; and

**(D)** any royalty earned by an individual in connection with any publication of the work of the individual, and that portion of any honorarium which is received for services rendered; and

**(2)** unearned income means all other income, including—

**(A)** support and maintenance furnished in cash or kind; except that (i) in the case of any individual (and his eligible spouse, if any) living in another person's household and receiving support and maintenance in kind from such person, the dollar amounts otherwise applicable to such individual (and spouse) as specified in subsections (a) and (b) of section 1382 of this title shall be reduced by 33⅓ percent in lieu of including such support and maintenance in the unearned income of such individual (and spouse) as otherwise required by this subparagraph, (ii) in the case of any individual or his eligible spouse who resides in a nonprofit retirement home or similar nonprofit institution, support and maintenance shall not be included to the extent that it is furnished to such individual or such spouse without such institution receiving payment therefor (unless such institution has expressly undertaken an obligation to furnish full support and maintenance to such individual or spouse without any current or future payment therefor) or payment therefor is made by another nonprofit organization, and (iii) support and maintenance shall not be included and the provisions of clause (i) shall not be applicable in the case of any individual (and his eligible spouse, if any) for the period which begins with the month in which such individual (or such individual and his eligible spouse) began to receive support and maintenance while living in a residential facility (including a private household) maintained by another person and ends with the close of the month in which such individual (or such individual and his eligible spouse) ceases to receive support and maintenance while living in such a residential facility (or, if earlier, with the close of the seventeenth month following the month in which such period began), if, not more than 30 days prior to the date on which such individual (or such individual and his eligible spouse) began to receive support and

chapter 169 of title 10, or any related provision of law, and any such payments shall be treated as support and maintenance in kind subject to subparagraph (A) of this paragraph.

**(b)** In determining the income of an individual (and his eligible spouse) there shall be excluded—

**(1)** subject to limitations (as to amount or otherwise) prescribed by the Commissioner of Social Security, if such individual is under the age of 22 and is, as determined by the Commissioner of Social Security, a student regularly attending a school, college, or university, or a course of vocational or technical training designed to prepare him for gainful employment, the earned income of such individual;

**(2)**

**(A)** the first $240 per year (or proportionately smaller amounts for shorter periods) of income (whether earned or unearned) other than income which is paid on the basis of the need of the eligible individual, and

**(B)** monthly (or other periodic) payments received by any individual, under a program established prior to July 1, 1973 (or any program established prior to such date but subsequently amended so as to conform to State or Federal constitutional standards), if (i) such payments are made by the State of which the individual receiving such payments is a resident, (ii) eligibility of any individual for such payments is not based on need and is based solely on attainment of age 65 or any other age set by the State and residency in such State by such individual, and (iii) on or before September 30, 1985, such individual (I) first becomes an eligible individual or an eligible spouse under this title, and (II) satisfies the twenty-five-year residency requirement of such program as such program was in effect prior to January 1, 1983;

**(3)** in any calendar quarter, the first—

**(A)** $60 of unearned income, and

**(B)** $30 of earned income,

of such individual (and such spouse, if any) which, as determined in accordance with criteria prescribed by the Commissioner of Social Security, is received too infrequently or irregularly to be included;

maintenance while living in such a residential facility, (I) such individual (or such individual and his eligible spouse) were residing in a household maintained by such individual (or by such individual and others) as his or their own home, (II) there occurred within the area in which such household is located (and while such individual, or such individual and his spouse, were residing in the household referred to in subclause (I)) a catastrophe on account of which the President declared a major disaster to exist therein for purposes of the Disaster Relief and Emergency Assistance Act [42 U.S.C. 5121 et seq.], and (III) such individual declares that he (or he and his eligible spouse) ceased to continue living in the household referred to in subclause (II) because of such catastrophe;

**(B)** any payments received as an annuity, pension, retirement, or disability benefit, including veterans' compensation and pensions, workmen's compensation payments, old-age, survivors, and disability insurance benefits, railroad retirement annuities and pensions, and unemployment insurance benefits;

**(C)** prizes and awards;

**(D)** payments to the individual occasioned by the death of another person, to the extent that the total of such payments exceeds the amount expended by such individual for purposes of the deceased person's last illness and burial;

**(E)** support and alimony payments, and (subject to the provisions of subparagraph (D) excluding certain amounts expended for purposes of a last illness and burial) gifts (cash or otherwise) and inheritances;

**(F)** rents, dividends, interest, and royalties not described in paragraph (1) (E);

**(G)** any earnings of, and additions to, the corpus of a trust established by an individual (within the meaning of section 1382b(e) of this title), of which the individual is a beneficiary, to which section 1382b(e) of this title applies, and, in the case of an irrevocable trust, with respect to which circumstances exist under which a payment from the earnings or additions could be made to or for the benefit of the individual; and

**(H)** payments to or on behalf of a member of a uniformed service for housing of the member (and his or her dependents, if any) on a facility of a uniformed service, including payments provided under section 403 of title 37 for housing that is acquired or constructed under subchapter IV of

**(4)**

   **(A)** if such individual (or such spouse) is blind (and has not attained age 65, or received benefits under this subchapter (or aid under a State plan approved under section 1202 or 1382 of this title) for the month before the month in which he attained age 65), (i) the first $780 per year (or proportionately smaller amounts for shorter periods) of earned income not excluded by the preceding paragraphs of this subsection, plus one-half of the remainder thereof, (ii) an amount equal to any expenses reasonably attributable to the earning of any income, and (iii) such additional amounts of other income, where such individual has a plan for achieving self-support approved by the Commissioner of Social Security, as may be necessary for the fulfillment of such plan,

   **(B)** if such individual (or such spouse) is disabled but not blind (and has not attained age 65, or received benefits under this subchapter (or aid under a State plan approved under section 1352 or 1382 of this title) for the month before the month in which he attained age 65), (i) the first $780 per year (or proportionately smaller amounts for shorter periods) of earned income not excluded by the preceding paragraphs of this subsection, (ii) such additional amounts of earned income of such individual, if such individual's disability is sufficiently severe to result in a functional limitation requiring assistance in order for him to work, as may be necessary to pay the costs (to such individual) of attendant care services, medical devices, equipment, prostheses, and similar items and services (not including routine drugs or routine medical services unless such drugs or services are necessary for the control of the disabling condition) which are necessary (as determined by the Commissioner of Social Security in regulations) for that purpose, whether or not such assistance is also needed to enable him to carry out his normal daily functions, except that the amounts to be excluded shall be subject to such reasonable limits as the Commissioner of Social Security may prescribe, (iii) one-half of the amount of earned income not excluded after the application of the preceding provisions of this subparagraph, and (iv) such additional amounts of other income, where such individual has a plan for achieving self-support approved by the Commissioner of Social Security, as may be necessary for the fulfillment of such plan, or

   **(C)** if such individual (or such spouse) has attained age 65 and is not included under subparagraph (A) or (B), the first $780 per year (or proportionately smaller amounts for shorter periods) of earned    income not

excluded by the preceding paragraphs of this subsection, plus one-half of the remainder thereof;

(5) any amount received from any public agency as a return or refund of taxes paid on real property or on food purchased by such individual (or such spouse);

(6) assistance, furnished to or on behalf of such individual (and spouse), which is based on need and furnished by any State or political subdivision of a State;

(7) any portion of any grant, scholarship, fellowship, or gift (or portion of a gift) used to pay the cost of tuition and fees at any educational (including technical or vocational education) institution;

(8) home produce of such individual (or spouse) utilized by the household for its own consumption;

(9) if such individual is a child, one-third of any payment for his support received from an absent parent;

(10) any amounts received for the foster care of a child who is not an eligible individual but who is living in the same home as such individual and was placed in such home by a public or nonprofit private child-placement or child-care agency;

(11) assistance received under the Disaster Relief and Emergency Assistance Act [42 U.S.C. 5121 et seq.] or other assistance provided pursuant to a Federal statute on account of a catastrophe which is declared to be a major disaster by the President;

(12) interest income received on assistance funds referred to in paragraph (11) within the 9-month period beginning on the date such funds are received (or such longer periods as the Commissioner of Social Security shall by regulations prescribe in cases where good cause is shown by the individual concerned for extending such period);

(13) any support or maintenance assistance furnished to or on behalf of such individual (and spouse if any) which (as determined under regulations of the Commissioner of Social Security by such State agency as the chief executive officer of the State may designate) is based on need for such support or maintenance, including assistance received to assist in meeting the costs of home energy (including both heating and cooling), and which is (A) assistance furnished in kind by a private nonprofit agency, or (B) assistance furnished    by

An official website of the United States government  Here's how you know

MENU

# Poverty Guidelines

ASPE    Topics    Poverty & Economic Mobility    Poverty Guidelines

The 2025 poverty guidelines will be on public display at the Federal Register tomorrow and will be published in the next few days.

The Poverty Guidelines API is now available with the 2025 data.

***U.S. Federal Poverty Guidelines Used to Determine Financial Eligibility for Certain Programs***

## HHS Poverty Guidelines for 2025

Join our listserv to stay up-to-date on the latest news regarding the poverty guidelines.

| 2025 POVERTY GUIDELINES FOR THE 48 CONTIGUOUS STATES AND THE DISTRICT OF COLUMBIA | |
|---|---|
| **Persons in family/household** | **Poverty guideline** |
| 1 | $15,650 |
| 2 | $21,150 |
| 3 | $26,650 |
| 4 | $32,150 |

| 2025 POVERTY GUIDELINES FOR ALASKA | |
|---|---|
| **Persons in family/household** | **Poverty guideline** |
| For families/households with more than 8 persons, add $6,880 for each additional person. | |

| 2025 POVERTY GUIDELINES FOR HAWAII | |
|---|---|
| **Persons in family/household** | **Poverty guideline** |
| 1 | $17,990 |
| 2 | $24,320 |
| 3 | $30,650 |
| 4 | $36,980 |
| 5 | $43,310 |
| 6 | $49,640 |
| 7 | $55,970 |
| 8 | $62,300 |
| For families/households with more than 8 persons, add $6,330 for each additional person. | |

# Resources

- [Prior Poverty Guidelines and Federal Register References](#)
- [A chart with percentages (e.g., 125 percent) of the guidelines](#) ([PDF](#))
- [Frequently Asked Questions](#) (FAQs) on the Poverty Guidelines and Poverty
  - [Poverty guidelines — gross or net income](#)
  - [The poverty line for a state or city](#)

### 2025 POVERTY GU D   NES FOR      48 CONTIGUOUS S ⊤ᴀ  S AND     DISTRICT O  COLUMBIA

| Persons in family/household | Poverty guideline |
| --- | --- |
| 5 | $37,650 |
| 6 | $43,150 |
| 7 | $48,650 |
| 8 | $54,150 |
| For families/households with more than 8 persons, add $5,500 for each additional person. | |

### 2025 POVERTY GU D    NES FOR ᴀ ASKA

| Persons in family/household | Poverty guideline |
| --- | --- |
| 1 | $19,550 |
| 2 | $26,430 |
| 3 | $33,310 |
| 4 | $40,190 |
| 5 | |
| 6 | |
| 7 | $60,830 |
| 8 | $67,710 |

# TANF Cash Help

TANF provides cash payments to help families pay for food, clothing, housing and other essentials.

## TANF for Families

### What it offers

Monthly cash payments to help pay for:

- Food
- Clothing
- Housing
- Utilities
- Furniture
- Transportation
- Phone service
- Laundry
- Supplies for the home
- Medical supplies not paid for by Medicaid
- Other basic needs

### Who is it for?

Families with children ages 18 and younger. Families who can get TANF cash help have little to no money or don't have a way to get money. A family can be (1) parents and their children, or (2) relatives caring for related children.

The following is used to see if a family can get TANF:

- The amount of money the family has.
- The value of things the family is paying for or owns.
- The amount the family pays for child care and child support.

### Maximum Monthly Income Limits

The following chart gives a general idea of the amount of money (income) a person or family gets and still be eligible for TANF. Some people might be able to get benefits even if their income is higher than what is listed in this chart.

| Family size | Child-only cases | Home with 1 parent or 1 caretaker | Home with 2 parents or 2 caretakers |
|---|---|---|---|
| 1 | $64 | $78 | --------- |
| 2 | $92 | $163 | $125 |
| 3 | $130 | $188 | $206 |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 99665036
Filing Code Description: Brief Requesting Oral Argument
Filing Description: Appellant Brief
Status as of 4/15/2025 7:38 AM CST

Associated Case Party: LindaDTanner

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| LINDA DTANNER | | lulu143134143@gmail.com | 4/15/2025 6:37:43 AM | SENT |

Associated Case Party: JUAN RODRIGUEZ

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| LAUREN MCGEE | | Lauren.Mcgee@oag.texas.gov | 4/15/2025 6:37:43 AM | SENT |
| GRISELLE ORTIZASTACIO | | Griselle.OrtizAstacio@oag.texas.gov | 4/15/2025 6:37:43 AM | SENT |

Associated Case Party: WENDY PROCTOR

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| LAUREN MCGEE | | Lauren.Mcgee@oag.texas.gov | 4/15/2025 6:37:43 AM | SENT |
| GRISELLE ORTIZASTACIO | | Griselle.OrtizAstacio@oag.texas.gov | 4/15/2025 6:37:43 AM | SENT |

Associated Case Party: JULIA MURRAY

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| LAUREN MCGEE | | Lauren.Mcgee@oag.texas.gov | 4/15/2025 6:37:43 AM | SENT |
| GRISELLE ORTIZASTACIO | | Griselle.OrtizAstacio@oag.texas.gov | 4/15/2025 6:37:43 AM | SENT |

Associated Case Party: TEXAS HEALTH AND HUMAN SERVICES COMMISSION

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| GRISELLE ORTIZASTACIO | | Griselle.OrtizAstacio@oag.texas.gov | 4/15/2025 6:37:43 AM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 99665036
Filing Code Description: Brief Requesting Oral Argument
Filing Description: Appellant Brief
Status as of 4/15/2025 7:38 AM CST

Associated Case Party: TEXAS HEALTH AND HUMAN SERVICES COMMISSION

| GRISELLE ORTIZASTACIO | | Griselle.OrtizAstacio@oag.texas.gov | 4/15/2025 6:37:43 AM | SENT |
|---|---|---|---|---|
| ATTN: LEGAL DEPARTMENT | | legaldepartment@hhsc.gov | 4/15/2025 6:37:43 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| SUSAN MILSAPPS | | susan.millsapps@oag.texas.gov | 4/15/2025 6:37:43 AM | SENT |